IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 51, AFL-CIO, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  07-3194 |
| VERIZON NORTH, INC., | ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Verizon North, Inc.'s Motion to Dismiss Plaintiff's Complaint to Compel Arbitration (d/e 5) (Motion to Dismiss).[1]  Plaintiff International Brotherhood of Electrical Workers, Local No. 51, AFL-CIO (IBEW) filed a Memorandum in

---

[1] Verizon filed a Memorandum in Support of Defendant Verizon North, Inc.'s Motion to Dismiss Plaintiff's Complaint to Compel Arbitration (Memorandum) as part of its Motion to Dismiss.  This Memorandum is paginated separately from the Motion to Dismiss, but as the two pleadings were filed and docketed as one, the Court will refer to the docketed page numbers.  For example, while counsel labeled the first page of the Memorandum page 1, because it was filed as part of the Motion to Dismiss (beginning after the last page of the 3-page Motion to Dismiss), its docketed page number is 4.  The Court will refer to page 1 of the Memorandum as page 4 of the Motion to Dismiss.

1

Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint to Compel Arbitration (d/e 7). For the reasons stated below, the Motion to Dismiss is denied.

## FACTS

IBEW is a Springfield, Illinois, labor union.[2] Verizon employs individuals represented by IBEW. IBEW and Verizon are parties to a Collective Bargaining Agreement (the Agreement) applicable to the wages, fringe benefits, hours, terms and conditions of particular categories of Verizon's employees.

Joseph Taylor drives a commercial motor vehicle for Verizon; he is covered by the Agreement. On or about February 9, 2006, Taylor underwent surgery for chronic back pain. A doctor implanted a pump that delivers morphine to treat his pain. After the surgery, his doctor prohibited him from working to give him time to equilibrate to the morphine. On April 10, 2006, Taylor returned to work. Almost two months later, on June 2, 2006, Verizon determined that Taylor could no longer drive or perform "safety sensitive functions" while under the "use of multiple medications." Complaint ¶ 14. Verizon refused to allow Taylor to work.

---

[2] Unless otherwise stated, all facts are taken from the Complaint (d/e 1).

2

The Agreement contains provisions regarding dispute resolution through a grievance process and arbitration. Regarding arbitration, the Agreement states:

> Any grievance which resulted from an alleged violation of a provision of this contract which the parties are unable to settle by the use of Article 6, "Adjustment of Differences," may be submitted to arbitration.

Compliance With Order of Court, (d/e 8) Exhibit 1, Agreement, ¶ 7.1. On or about June 20, 2006, IBEW filed a grievance with Verizon (the Grievance). The Grievance alleged that Verizon placed Taylor on short term disability in violation of the Agreement. Complaint, Exhibit 1, Grievance. Specifically, it alleged that Verizon had violated Articles 8.3 and 14 of the Agreement. Id. Article 8.3 states:

> The Union agrees for its members that individually and collectively they will perform loyal and efficient work and service and that they will use their influence and best efforts to protect the property and interests of the Company, its good name, and its service to the public. The Company agrees that it will not act capriciously or arbitrarily in its treatment of employees, and will apply the terms of this Agreement impartially to all employees.

Compliance With Order of Court, Exhibit 1, Agreement, ¶ 8.3. Article 14 is titled "Sickness Disability and Physical Injury" and includes fifteen articles regarding employees' eligibility for sickness disability benefits. Id.,

3

¶¶ 14.1-14.15. The Grievance demanded that Verizon reinstate Taylor immediately. Id.

The parties could not resolve the Grievance, and IBEW notified Verizon it would submit the Grievance to arbitration. The parties selected an arbitrator and scheduled a hearing for November 8, 2006. At Verizon's request, the arbitrator agreed to postpone the hearing provided Verizon agreed to supplement Taylor's sickness and disability benefits until February 6, 2007.

The arbitrator ordered Taylor to submit to an independent medical examination. The parties agreed on a doctor, and Taylor underwent medical, psychological, and driving evaluations. On May 14, 2007, the doctor issued his report; he found that Taylor can operate a commercial motor vehicle safely. Verizon continues to prohibit Taylor's return to work, however, and it refuses to reschedule the arbitration hearing.

On July 18, 2007, IBEW filed the Complaint alleging that Verizon's refusal to reschedule the arbitration hearing to resolve the Grievance is a breach of the Agreement's arbitration clause. IBEW asks the Court to compel arbitration of the Grievance and order Verizon to reschedule the arbitration hearing with the selected arbitrator. Complaint, ¶ 27.

Verizon has moved to dismiss. Verizon argues that the Complaint does not state a claim for a violation of the Agreement. Instead, Verizon asserts, the true matter at issue is the underlying question of whether Taylor is medically qualified to operate a commercial vehicle. According to Verizon, this issue is governed by the Federal Motor Carrier Safety Act regulations. See 49 C.F.R. § 301 *et seq*. Verizon argues that the Agreement only provides for arbitration of a "'grievance which resulted from an alleged violation of a provision of this contract,'" which it contends means that the Agreement does not permit arbitration of disputes over the application of federal law. Motion to Dismiss, at 2 (quoting Article 7.1 of the Agreement).

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw

5

all inferences in favor of the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Here, the Court accepts as true the allegations in IBEW's Complaint.

Additionally, when a plaintiff refers to a document in its complaint, and that document is central to its allegations, a court can consider the document on a motion to dismiss without converting the motion to one for summary judgment. Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998). Here, IBEW filed a portion of the Agreement and its Grievance with the Complaint. See Complaint, Exhibit 1, Grievance & Exhibit 2, Agreement. Pursuant to a December 18, 2007, Order, IBEW filed the entire Agreement. See Compliance With Order of Court, Exhibit 1, Agreement. Because these documents are central to IBEW's Complaint, the Court can consider them without converting this Motion to Dismiss. In contrast, the Declaration of Michael Kruger, which Verizon attached as Exhibit 1 to its Motion to Dismiss, is not central to IBEW's Complaint. Thus, the Court will not consider the Kruger Declaration.

Considering only the Grievance, Agreement, and Complaint, the Court

finds that Plaintiff has stated a claim on which relief can be granted. As Verizon concedes, the Grievance alleges a violation of the Agreement. See Motion to Dismiss, at 11 ("on its face, the Union's grievance purports to allege a violation of the CBA"). The Court reads the Grievance to allege that Verizon acted capriciously or arbitrarily in its treatment of Taylor (in violation of Article 8.3) when it improperly placed him, or maintained him, on short term disability (in violation of the provisions of Article 14).

The Court also reads the Agreement (in Article 7.1) to allow for arbitration of such a dispute. An arbitrator may have to consult federal regulations to determine whether Verizon did improperly place or maintain Taylor on short term disability, or treat him capriciously or arbitrarily, but Verizon has provided the Court no authority prohibiting arbitrators from consulting federal regulations in determining whether a contract violation occurred.

Moreover, the Complaint alleges that Verizon's refusal to submit this dispute is itself a violation of the Agreement. Because the dispute is arbitrable, the Complaint alleges, Verizon's refusal to arbitrate violates Article 7.1 of the Agreement. Whether IBEW is correct that Verizon acted capriciously or arbitrarily in placing or maintaining Taylor on short term

disability is not for the Court to decide. See <u>United Steelworkers of America v. American Manufacturing Co.</u>, 363 U.S. 564, 568 (1960) ("The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim."). The Court is to decide only whether this is a dispute the parties agreed to arbitrate. At this stage, the Court cannot hold that it is not. Whether arbitration of this dispute is already ongoing is unclear to the Court, but that is another matter.

THEREFORE, Defendant Verizon North, Inc.'s Motion to Dismiss Plaintiff's Complaint to Compel Arbitration (d/e 5) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: January 30, 2008

      FOR THE COURT:

                                              s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE